**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ERIC SMITH, Individually and on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) ) ) ) | |
| Defendant | ) | |

**<u>CLASS ACTION COMPLAINT</u>**

Plaintiff, ERIC SMITH ("Smith"), Individually and on behalf of a class of similarly situated individuals, states the following as his Complaint against HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford"):

**<u>NATURE OF THE ACTION</u>**

1.      Plaintiffs bring this action on behalf of themselves and those similarly situated to challenge Hartford's improper practice of offsetting/reducing long-term disability payments by the amount of Social Security disabled adult child benefits received by Plaintiffs' dependents on account of their own, not Plaintiffs' disabilities.

**<u>THE PARTIES</u>**

2.      Plaintiff, Eric Smith, is and was at all times relevant hereto, a resident of Normal, Illinois.  Smith is a former employee of LSC Communications LLC ("LSC"), and while he was employed, he was a "participant" in the Group Long Term Disability Plan for Employees of LSC COMMUNICATIONS LLC ("Plan") as that term is defined by 29 U.S.C. § 1002(7).  LSC, which is based in Chicago, Illinois, is designated as the Plan Administrator of the Plan.  Smith has a disabled adult dependent, Reznor Smith, who has qualified for and is receiving disabled adult child benefits from the Social Security Administration.

1

3.     Defendant, Hartford Life and Accident Insurance Company, at all times relevant hereto was doing business throughout the Northern District of Illinois and was both the insurer of the Plan under Policy Number GLT-803535, which was in full force and effect at all times relevant hereto, and the party responsible for adjudicating claims brought under the Plan.

4.     Hartford also insures other group long-term disability insurance plans within this District and across the United States which were in full force and effect at all times relevant hereto.

5.     All other individuals who are similarly situated to Eric Smith ("Class Plaintiffs") are all participants in group long-term disability plans insured by Hartford who have adult dependents receiving disabled adult child benefits from the Social Security Administration and who have had their long-term disability benefits offset by disabled adult child benefits paid to their dependents.

## JURISDICTION AND VENUE

6.     This action is brought under 29 U.S.C. §§ 1132(a), (e), (f), and (g) of ERISA, as it involves claims to recover benefits due under the terms of an employee benefit plan or, in the alternative, for breach of fiduciary duty.  Jurisdiction is predicated under those Code sections as well as 28 U.S.C § 1331, as this action involves a federal question.

7.     Prior to filing suit, Smith fully exhausted all claim appeal procedures available to him which challenged Hartford's offset of Reznor Smith's Social Security disabled adult child benefits.  The other class members have all either exhausted claim appeal procedures or the determination issued by Hartford at the conclusion of Smith's claim appeal demonstrates that separate appeals by the Class Plaintiffs would have been futile.

## FACTUAL ALLEGATIONS

**A.     Disabled Adult Child Benefits**

8.     According to an official publication issued by the Social Security Administration:

2

An adult who has a disability that began before age 22 may be eligible for benefits if their parent is deceased or starts receiving retirement or disability benefits. We consider this a "child's" benefit because it is paid on a parent's Social Security earnings record.

The Disabled Adult Child (DAC) — who may be an adopted child, or, in some cases, a stepchild, grandchild, or step grandchild — must be unmarried and age 18 or older. They must have a qualifying disability that started before age 22 and meet the definition of disability for adults.

"How Does Someone Become Eligible," available at https://www.ssa.gov/benefits/disability/qualify.html#anchor7

### B.     Hartford Is a Fiduciary

9.     The majority of the group long-term disability plans underwritten by Hartford, which also administers claims, are "employee welfare benefit plans" sponsored by private-sector employers and governed by ERISA ("ERISA plans") pursuant to 29 U.S.C. § 1002(1) and 29 U.S.C. § 1003(a), as well as 29 C.F.R. § 2510.3-`(a)(2).

10.     At all times relevant hereto, Hartford acted as a fiduciary with respect to its administration of ERISA plans.  In particular, Hartford interpreted and applied ERISA plan terms, made coverage and benefit decisions under the ERISA plans, and provided payment under the ERISA plans to participants/beneficiaries and their providers.

11.     Hartford's fiduciary role mandated that it act in accordance with 29 U.S.C. § 1104(a)(1), which provides that:

a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

(A)for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries; and

*                    *                    *

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such

3

matters would use in the conduct of an enterprise of a like character and with like aims;

*     *     *

**(D)** in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III.

### C. The Plan's Offset Provisions

10. The Plan and others like it contain provisions that reduce/offset benefits paid to disabled participants for other income the participant is receiving such as Social Security disability benefits. It is also typical that such offsets also apply to Social Security disability benefits paid to minor dependents; and the Plan provides for a reduction for such benefits "that You, Your spouse and/or children, are eligible to receive because of Your Disability."

### D. Facts

11. Eric Smith, who was hired by LSC in 2019, became disabled in March 2021. He subsequently applied for and was approved to receive long-term disability insurance benefits under the plan; and he also was found disabled by the Social Security Administration.

12. Reznor Smith, who was born in 2003, suffers from a disability that began prior to his attainment of age 22; and was found eligible to receive disabled adult child benefits by the Social Security Administration.

13. Subsequent to the award of disabled adult child benefits to Reznor Smith, Hartford maintained that it had the right to offset Reznor Smith's benefits from Eric Smith's long-term disability benefit payments and claimed Eric Smith was overpaid benefits during a period when the disabled adult child benefits were not offset and that Eric Smith's benefits could be

4

offset/reduced by the amount of disability adult child benefits paid to Reznor Smith for so long as Eric Smith qualified to receive benefits.

14. Eric Smith disagreed with the overpayment and offset, asserting that Reznor Smith's benefits were being paid on account of his disability; however, Hartford maintained its position that the disabled adult child benefits were properly offsetable.

15. Eric Smith, through counsel, submitted a timely appeal to Hartford challenging its determination.

16. With his appeal, Smith included a policy statement from another insurer, Unum, which maintained that disabled adult child benefits are not offsetable. Smith also advised Hartford that other long-term disability insurers also did not offset disabled adult child benefits.

17. Smith also cited *Schultz v. Aviall,* 670 F.3d 834, 841 (7th Cir. 2012), where the U.S. Court of Appeals admonished disability insurers that sought to offset a disabled child's benefits, stating: "This outcome would be untenable and would verge on the unconscionable. In light of the plaintiffs' argument, we wish to make abundantly clear that the offset language in these plans would not apply to Social Security benefits paid because of the child's disability." Smith also cited *Hampton v. Dana Corp.,* 152 Fed. Appx 441, 443 (6th Cir. 2005), which stated "[t]he plan's purpose would be disserved if monthly benefits were reduced by the amount of social security benefits that were awarded for reasons other than the employee's disability."

## <u>UNITEDHEALTHCARE'S ERISA VIOLATIONS</u>

18. At all times relevant hereto, Hartford was obligated to comply with the fiduciary duties described above and to employ "higher-than-marketplace quality standards" according to the Supreme Court ruling in *Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 115 (2008).

19. Contrary to those obligations, Hartford acted in its own self-interest and contrary to the interests of the plan participants by behaving in an unconscionable manner which deprived Smith and those situated similarly to him of benefits due.

## CLASS ACTION ALLEGATIONS

19. The proposed Class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b).

### The Class

20 Smith brings this claim on his own behalf and on behalf of a class of similarly situated individuals pursuant to Rule 23(b)(1), (b)(2), and/or (c)(4). Plaintiffs seek certification of a nationwide "DAC Class," defined as:

All disabled participants in ERISA-governed long-term disability plans administered or insured by Hartford with disabled dependents receiving Social Security disabled adult child ("DAC") benefits whose benefits were reduced/offset on account of the DAC payments.

### Numerosity

21. The potential members of the proposed Class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed Class Members has not been determined at this time, Plaintiffs are informed and believe that there are a substantial number of individuals covered under plans insured or administered by Hartford who have been similarly affected.

22. The Class is ascertainable because its members can be readily identified using Hartford's claims data.

23. Finally, Class members are dispersed geographically throughout the United States, such that joiner of all members is impracticable.

**Predominance of Common Issues.**

24.     This action satisfies the requirements of Fed. R. Civ. P. 23(a)(2) and 23(b)(3) because questions of law and fact that have common answers predominate over questions affecting only individual Class Members. These include, without limitation

a)     Whether the terms of Hartford's policies permit Hartford to offset Social Security disabled adult child benefits from the plan participant's benefits;

b)     Whether Hartford categorically offset Social Security disabled adult child benefits from the benefits paid to Class Members;

c)     Whether offsets of Social Security disabled adult child benefits paid to disabled adult children violates ERISA.

**Typicality**

25.     Plaintiffs' claims are typical of the claims of the proposed class.  Plaintiffs are each participants in an ERISA plan underwritten and administered by Hartford, they each qualified for long-term disability benefits as well as Social Security disability insurance benefits; they each had dependents who qualified for Social Security disabled adult child benefits; and they each had their long-term disability benefits reduced/offset by the Social Security disabled adult child benefits paid to their dependents on account of their dependents' disabilities.

**Adequacy of Representation**

26.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the proposed class.  Counsel who represent Plaintiffs are competent and experienced in litigating disability benefit cases brought under ERISA and complex class actions.

**Superiority of Class Action**

27.     This action satisfies the requirements of Fed. R. Civ. P. 23(b)(1) because the

prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications that could establish incompatible standards of conduct for Hartford with respect to offsetting of Social Security disabled adult child benefits.

28.     This action satisfies the requirements of Fed. R. Civ. P. 23(b)(2) because by applying a uniform policy regarding whether Social Security disabled adult child benefits may be offset from long-term disability payments would ensure compatible standards of conduct towards Class members, and making final injunctive relief or corresponding declaratory relief appropriate respecting the proposed Class as a whole.

29.     The conduct of this action as a class action presents far fewer management difficulties, far better conserves judicial resources and the parties' resources, and far more effectively protects the rights of each Class member than would piecemeal litigation. Compared to the expense, burdens, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, the challenges of managing this action as a class action are substantially outweighed by the benefits to the legitimate interests of the parties, the court, and the public of class treatment in this court, making class adjudication superior to other alternatives, under Fed. R. Civ. P. 23(b)(3)(D).

30.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**FIRST CLAIM FOR RELIEF**
**For Benefits Due and Clarification of Rights, and Attorneys' Fees**
**on behalf of the Plaintiffs and the DAC Class**
**(29 U.S.C. §§ 1132(a)(1)(B), (g))**

31.     Plaintiffs incorporate by reference each and every one of the preceding paragraphs as if fully stated herein.

32.     Under ERISA, Hartford is obligated to comply with the terms and conditions of its ERISA plans in making benefit determinations and processing claims on behalf of its insureds. As set forth herein, Plaintiffs and the DAC Class Members were at all relevant times Plan participants, and members and beneficiaries of the long-term disability benefit plans administered by Hartford and governed by ERISA.

33.     Under the terms of the Plans and applicable law, Hartford was permitted to offset only the payments received by class members that were paid on account of each class member's disability and was not permitted to offset payments due to others' disability.

34.     Hartford improperly offset Social Security disabled adult child benefits paid to dependents of class members' participants on account of the dependents' disabilities.

35.     Hartford's offset of Social Security disabled adult child benefits from the Class Members' benefits deprived the Class Members of benefits they were due on account of their disabilities.

36.     To remedy Hartford's improper offset of Social Security disabled adult child benefits from the Class Members' benefits, Plaintiffs seek an requiring Hartford to reimburse the class member for improper offsets taken and to restore their benefit payments to the amount payable without offsets of Social Security disabled adult child benefits.  Plaintiffs also seek an order baring Hartford from offsetting Social Security disabled adult child benefits in the future.

**SECOND CLAIM FOR RELIEF**
**For Declaratory Relief, Injunctive Relief**
**and Other Equitable Relief, and Attorneys' Fees**
**on behalf of the Plaintiffs and the DAC Class**
**(29 U.S.C. §§ 1132(a)(3), (g))**

37.     Plaintiffs incorporate by reference each and every one of the preceding paragraphs as if fully stated herein and plead the following in the alternative to the relief sought in their First

Claim for Relief.

38.     As an ERISA fiduciary, Hartford is obligated to act with the utmost prudence and loyalty with respect to plan participants in administering their claims under the plan, and must otherwise comply with the requirements of ERISA, and with terms and conditions of its ERISA plans themselves, in making benefit payment determinations and processing claims on behalf of plan participants and beneficiaries.

39.     As the entity responsible for interpreting its benefit plans and for determining and administering benefit payments under the plans, Hartford is an ERISA fiduciary.

40.     As an ERISA fiduciary, and pursuant to 29 U.S.C. § 1104(a), Hartford must discharge its duties "solely in the interests of the participants and beneficiaries" and for the "exclusive purpose of providing benefits to participants and their beneficiaries" and paying "reasonable expenses of administering the plan." Hartford must do so with reasonable "care, skill, prudence, and diligence" and in accordance with the terms of the plans it administers. UnitedHealthcare must conform its conduct to a fiduciary duty of loyalty and may not make misrepresentations to its insureds.

41.     Hartford violated those duties by adopting, implementing, and applying a policy to improperly reduce participants' benefits by the amount paid to their dependents for Social Security disabled adult child benefits.

42.     In doing so, Hartford failed to act "solely in the interests of the participants and beneficiaries" for the "exclusive purpose" of "providing benefits."  Hartford also failed to utilize the "care, skill, prudence, and diligence" of a "prudent man" acting in a similar capacity or to employ "higher-than-marketplace quality standards" in administering benefits and failed to act in accordance with the terms of the Plans.

10

43.    Instead, Hartford placed its own self-interest above that of the Class Members and unjustly enriched itself by retaining monies that were payable to the Class Members.

44.    In acting act as described above, Hartford breached its fiduciary duties.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs and the PBRT Class Members request relief as follows:

### As to the First Claim for Relief

A)    Certification of the proposed DAC Class, appointment of Eric Smith to represent the Class; and appoint the undersigned counsel as class counsel;

B)    Order Hartford to give notice to the Class Members, to account for, and to disgorge the monies wrongfully withheld and/or recouped from the Class Member for the purpose of repaying the Class Members all improperly withheld monies along with interest;

C)    Reimburse Plaintiffs for all costs and attorneys' fees incurred in prosecuting this action in accordance with 29 U.S.C. § 1132(g); and

D)    Grant such other relief which is equitable and just

### As to the Second Claim for Relief

In the event full relief cannot be granted as to the First Claim for Relief or in the alternative thereto,

A)    Order Hartford to disgorge all payments by which it was unjustly enriched;

B)    Enjoin Hartford from offsetting/reducing participants' long term disability insurance payments by amounts paid as Social Security disabled adult child benefits to their dependents.

C)    Order the payment of interest on all monies by which Hartford has been unjustly enriched;

D)      Order payment of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)

E)      Order such other relief which is equitable and just.

Dated:  April 2, 2025                          ERIC SMITH, Plaintiff, and Putative Class Members


By: */s/    Mark D. DeBofsky*_____
     Mark D. DeBofsky
     DeBofsky Law Ltd.
     2 N. Riverside Plaza, Suite 1420
     Chicago, Illinois 60606
     (312) 561-4040
     FAX (312) 600-4426
     mdebofsky@debofsky.com




     Glenn  Kantor, *Pro Hac Vice*
     KANTOR & KANTOR, LLP
     19839 Nordhoff Street
     Northridge, CA 91324
     Telephone:    (818) 886-2525
     Facsimile:    (818) 350-6272
     lkantor@kantorlaw.net
     trozelle@kantorlaw.net

     *Attorneys for Plaintiffs*

12